ILINOIS CENTRAL RAILROAD CO. ET AL. *v.* HARRIS.

[67 South. 54.]

1. MASTER AND SERVANT.   *Comparative negligence.   Assumption of risks.   Effect of contract.   Assumption of facts.   Trial.*
   When the employees of a railroad company were required to sign a contract which released the company from every conceivable act of negligence of any employee of the company, no matter how gross, before they could secure employment with the company, such a contract was void as violative of public policy.

2. TRIAL.   *Assumption of facts.*
   In an action by a brakeman against a railroad company, for injuries to his foot which was mashed while he was making a coupling, an instruction that the only question was, whether defendant could have prevented the injury by ordinary care, that if it could not, it was not liable; that if it could, then defendant's negligence was the sole cause of the injury, whether plaintiff used his foot or his hand in making the coupling, but that if plaintiff was also negligent, such damages as the jury would have awarded, had plaintiff been free from negligence, should be diminished in proportion to the negligence attributable to plaintiff, was not erroneous, as assuming knowledge by the defendant or its engineer that plaintiff was going to use his foot in attempting to make the coupling.

APPEAL from the circuit court of Madison county.
HON. W. A. HENRY, Judge.

Suit by G. L. Harris against the Illinois Central Railroad Company and others.   From a judgment for plaintiff, defendants appeal.

This is an appeal from a judgment for personal injuries.   The opinion states the facts.   The instruction referred to in the opinion is as follows:

(5) "In this cause you are instructed that, under the law, the only question for you to consider is whether the defendants could have prevented the injury to Harris by

the use of ordinary care.  If defendants could not have prevented the injury to Harris by ordinary care, defendants are not liable.  But if defendants could have prevented the injury to plaintiff by the use of ordinary care, then the defendants' negligence is, in law, the sole cause of the injury, regardless of whether Harris used his foot or his hand in kicking back the drawhead knuckle.  But if you further find from all the evidence that Harris, the plaintiff, was also negligent, then such damages as you would have awarded plaintiff had he been free from negligence should be diminished by the jury in proportion to the amount of negligence attributable to Harris, if any.''

R. V. Fletcher and Mayes & Mayes, for appellants.

T. S. Ward and H. B. Greaves, for appellee.

COOK, J., delivered the opinion of the court.

This was a suit for damages brought against the defendant by the appellee in the circuit court of Madison county, based on an injury received by him while engaged in his employment as a brakeman, in the yards of the railroad company at Canton.  His foot was mashed while he was making a coupling.  The issues were made up, and the case was tried in the usual manner, with the result that the jury brought in a verdict for the plaintiff in the sum of five thousand dollars, on which a judgment was rendered accordingly, and from such judgment this appeal is taken.

Three reasons are given why this case should be reversed, viz.: (1) The injury to appellee was caused by a mere accident; (2) the alleged negligence of the railroad company was not the causa causans of the injury; (3) appellee, when he entered the service of the company, signed an agreement that he would not undertake to make couplings by the use of his foot, and, if he received an

injury by reason of his failure to comply with this agreement, he would save the company harmless from all liability for such injury.

In summing up his contention, appellant puts the case this way:

"We claim:

"First. That for any one of the three foregoing reasons the court should have given the peremptory instruction requested by the defendant below.

"Second. That for the third reason given above the court erred in granting the second instruction to the plaintiff, to the effect that it is against the public policy of this state for the railroad company to contract with its employees so as to exempt itself from liability because of its own negligence, or that of its servants. This was not such a contract, and the principle invoked in that instruction had nothing to do with the contract that was made and offered in evidence.

"Third. That the third instruction given in behalf of the plaintiff was erroneous: First, because of the violation of the plaintiff's contract, as shown above; and, secondly, and independently, because it violates the rule that, where an instruction undertakes to detail the facts of a case, it must detail all the material facts, and violates that rule in this, that it entirely ignores the proposition that plaintiff's foot got caught as the result of a mere accident, the jury not being permitted to pass on that question at all.

"Fourth. The fifth instruction given to the plaintiff was erroneous, because the jury are expressly instructed that: 'The only question for you to consider is whether defendants could have prevented the injury to Harris by the use of ordinary care.' That was not the only question. It clearly excluded from the jury the consideration whether the injury was caused by a mere accident, and also it excluded from the jury all consideration of the violation by Harris of his contract, and also it assumes

knowledge by the defendant, or by the engineer, of the fact that Harris was going to use his foot in attempting to make the coupling, which would call upon him to exercise any sort of care to protect him.''

In regard to the first reason given for reversal, we believe the entire record shows that the injury did not result from a mere accident. If the testimony for plaintiff is to be believed, the injury resulted from the failure of the engineer to obey the signal to stop his engine. If the testimony of the engineer is to be believed, the injury was caused solely by the negligence of plaintiff. In either event it cannot be said that the injury was caused by a mere accident. It seems to us that the evidence tends to show that, properly speaking, the alleged negligence of the railroad company was the primary cause of the injury. But, if this be not true, it is certain that the alleged negligence of the engineer and the alleged negligence of the plaintiff concurred to produce the injury. In other words, according to plaintiff's version, the engineer did not obey his signal to stop his engine, and but for this fact he would not have been injured, in spite of the alleged negligence of himself in attempting to adjust the alignment of the coupler on the locomotive to the coupler on the caboose, with his foot.

We think, therefore, that there is no merit in the second reason for reversal.

The third reason given for reversal is unique, in that the books of this state do not contain a precedent for the plea. It appears that the vice-president and general manager of the railroad company addressed an open circular letter to the employees of the company, calling their attention to the manifold dangers incident to the operation of the trains of a great railroad system, and also warning the employees of the dangerous character of the numerous devices frequently resorted to by the operatives in the discharge of their duties. Following this letter, and as a part of the same paper, is attached a

·printed contract which all employees are required to sign before they can secure employment. The plaintiff in this case signed this contract, and thereby agreed:

"In consideration of my employment by said company, I hereby agree to assume all risks of the service of the company, and to obey all rules to which my attention is called in the foregoing notice, as well as all other rules now in force, or that may be made by said company for the government of its employees, and that I will save said company harmless from all liability for injury that may come to me because of any such risks, whether the same arise in whole or in part, from acts or omissions of my coemployees in the same branch of the service, or employees in a different branch of the service, or from those not so employed, or in consequence of any failure or neglect on my part to obey the directions contained in said notice, or any of the rules now or hereafter made by the company for government of its employees as aforesaid."

It is contended that plaintiff, when he signed the contract, bound himself to assume all risks incident to the service, and the risk of consequences of the negligence of all other employees, and particularly did he assume the risk of coupling cars, or adjusting couplers with his foot, which act, it is claimed, was the *causa causans* of his injuries. If this contract is valid and binding on the employees of railroads, it will have the effect of repealing some of the statutes of this state. It will nullify the so-called comparative negligence section of our Code, so far as railroad employees are concerned. The contract invoked in this case, if valid, releases the company from every conceivable act of negligence of any employee of the company no matter how gross. We believe the policy of the state, reflected in its laws, cannot be bargained away in this manner. There has been a practical abolishment of the common-law fellow servant doctrine in this state so far as it may affect the servants of a railroad

company of the class to which plaintiff belonged. This was done for broad reasons of public policy, and we do not believe that the policy can be nullified by contracts like the one here discussed.

We adopt the reasoning of Judge SMITH in *Little Rock R. R. Co.* v. *Eubanks,* 48 Ark. 460, 468, 3 S. W. 808, 810 (3 Am. St. Rep. 245), when he said:

"But surely the state has an interest in the lives and limbs of all its citizens. Laborers for hire constitute a numerous and meritorious class in every community. And it is for the welfare of society that their employers shall not be permitted, under the guise of enforcing contract rights, to abdicate their duties to them. The consequence would be that every railway company and every owner of a factory, mill, or mine would make it a condition precedent to the employment of labor that the laborer should release all right of action for injuries sustained in the course of the service, whether by the employer's negligence or otherwise. The natural tendency of this would be to relax the employer's carefulness in those matters of which he has the ordering and control, such as the supplying of machinery and materials, and thus increase the perils of occupations which are hazardous, even when well managed. And the final outcome would be to fill the country with disabled men and paupers, whose support would become a charge upon the counties or upon public charity."

We find no merit in the criticism of the instruction given the jury at the request of plaintiff.

*Affirmed.*